# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES B. GIBSON,

                Plaintiff,

vs.

STATE FARM MUTUAL AUTO INSURANCE COMPANY, et al.,

                Defendants.

Case No. 2:13-cv-00650-MMD-PAL

**ORDER**

The court conducted a status and dispute resolution conference with the parties on July 8, 2013. Matt Minucci appeared on behalf of the Plaintiff, and Ryan Dennett appeared on behalf of the Defendants.

## BACKGROUND

At a scheduling conference held June 11, 2013, the court reviewed counsels' proposed Discovery Plan and Scheduling Order (Dkt. #11) and asked counsel why they believed special scheduling review was necessary. Counsel for the parties indicated they anticipated discovery disputes related to State Farm's request that the parties execute a stipulated protective order governing confidentiality for documents that State Farm would be producing in discovery. The court required counsel to meet and confer and to submit a joint status report outlining their respective positions with sufficient specificity to allow the court to resolve the matter without the necessity of further briefing. The parties submitted a Joint Status Report (Dkt. #16) indicating they had not been able to agree on a resolution of this dispute. Plaintiff's position is that it is improper for Defendants to require Plaintiff to sign a confidentiality agreement to obtain discovery that is not privileged. The claims file, claims manual, claims notes and impressions of adjusters are not privileged or confidential, and blanket protective orders are inherently improper. Plaintiff also argues that State Farm has the burden of

establishing that any documents it seeks to protect as "confidential" are entitled to protection from disclosure.

State Farm argues that it has the right to protect its confidential, proprietary, and trade secret information as well as the privacy of its employees. This right is accomplished by designating certain documents as "confidential" to protect its interests while still permitting the Plaintiff to obtain the documents in discovery for purposes of this lawsuit. The court has substantial latitude to fashion protective orders, and good cause exists to enter a protective order maintaining the claims handling manuals, claims files, and claim and/or log notes to be marked as "confidential" to protect confidential, proprietary, trade secret, or other information that State Farm is entitled to keep in confidence.

## DISCUSSION

At the July 8, 2013, hearing, the court discussed the practical aspects of the parties' dispute. Protective Orders governing confidentiality of documents are typically entered to facilitate the parties' discovery exchanges. However, Plaintiff is correct that blanket protective orders are disfavored, and that the burden is on the party asserting confidentiality to establish that the documents it seeks to treat as confidential are entitled to protection.

**A.  Protective Order**s

Fed. R. Civ. P. 26(c) permits the court in which an action is pending to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a person from whom discovery is sought. The burden of persuasion under Fed. R. Civ. P. 26(c) is on the party seeking the protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought. *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*. (*citing Cipollone v. Liggett*). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

In *Seattle Times Co. v. Rhinehart*, the Supreme Court interpreted the language of Fed. R. Civ. P. 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." 467 U.S. 20, 36 (1984). The Supreme Court acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id*. Although the trial court has broad discretion in fashioning protective orders, the Supreme Court has also recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). However, the common law right to inspect and copy judicial records is not absolute. *Id*. Thus, the Supreme Court concluded, "[e]very court has supervisory power of its own records and files, and access has been denied where the court files might have become a vehicle for improper purposes." *Id*.

### B.     The Presumption of Public Access

Unless court records are of the type "traditionally kept secret" the Ninth Circuit recognizes a "strong presumption in favor of access." *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1135 (*citing Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Grand jury transcripts and warrant materials involved in pre-indictment investigations are two categories of documents and records which have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Although the federal common law right of access exists, it "does not mandate disclosure in all cases." *San Jose Mercury News, Inc.*, 187 F.3d at 1102. The strong presumption in favor of public access recognized by the Ninth Circuit "can be overcome by sufficiently important countervailing interests." *Id*. In the Ninth Circuit it is well established that the results of pretrial discovery are presumptively public. *Id* at 1103. The public is generally entitled to access to litigation documents and information produced in discovery unless the party opposing disclosure establishes good cause why a protective order is necessary. *Philip v General Motors*, 307 F 3d 1206, 1210 (9th Cir. (2002).

State Farm has indicated that it will be producing a substantial amount of materials responsive to Plaintiff's written discovery requests, and that it will, in good faith, designate some of its documents

as "confidential." State Farm will also serve a privileged document log for any responsive documents it withholds based on the assertion of any privilege. The court will enter a temporary protective order permitting State Farm to designate documents as "confidential" to facilitate the parties' discovery exchanges, allow Plaintiff to review the responses, and require the parties to meet and confer concerning any dispute about whether any particular documents are appropriately designated as confidential. Entry of a temporary protective order should also narrow and focus any disputes about whether any particular documents State Farm designates as "confidential" are entitled to protection.

The temporary protective order is entered as a practical, efficient and cost-effective manner to allow Plaintiff to obtain discovery sooner rather than later and narrow potential disputes. However, State Farm has not shown, and the court has not found, that any specific documents, or category of documents are secret or confidential or entitled to permanent protection. State Farm has not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause it an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1179. A stricter standard applies to parties seeking to maintain the secrecy of documents attached to dispositive motions which requires that a showing of compelling reasons sufficient to overcome to presumption of public access. *Id*., at 1180.

For the reasons stated,

**IT IS ORDERED** that a temporary protective order regarding designating documents as confidential in discovery is entered as follows:

    1.    The parties may, in good faith, designate documents and/or information reasonably believed to constitute or disclose trade secrets, confidential research, development, testing, commercial information, medical information, or personal information the disclosure of which would cause an identifiable and significant harm as "confidential".

///

2. Documents designated by the parties as "confidential" shall, until further order of the court, be used solely for the purposes of prosecuting and defending this case.

3. Documents designated by the parties as "confidential" shall be made available to counsel for the parties, their support staff, and retained experts and consultants. Retained experts and consultants shall sign an acknowledgment agreeing to abide by this order.

4. In the event the parties have a dispute about whether any specific document has appropriately been designated as "confidential" the parties shall confer in good faith in an attempt to informally resolve their dispute without court intervention. If the parties are unable to resolve their dispute(s) after a good-faith effort, the party asserting the document(s) is appropriately designated as "confidential" shall file a motion for protective order.

5. Documents designated as "confidential" by either party shall be treated as confidential until the court enters an order deciding the designating party's motion for protective order.

6. Any party withholding documents or information responsive to discovery requests on the basis of privilege shall serve opposing counsel with a privileged document log which fully complies with Rule 26(b)(5).

7. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the court's electronic filing procedures, and in accordance with the requirements of LR 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

Dated this 15th day of July, 2013.

Peggy A. Leen
United States Magistrate Judge